# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**MELISSA WILLIAMS,**
Appellant,

v.

**THE SCHOOL BOARD OF PALM BEACH COUNTY,**
Appellee.

No. 4D2023-0078

[May 15, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Richard L. Oftedal, Senior Judge; L.T. Case No. 50-2020-CA-005983-XXXX-MB.

William R. Amlong, Karen Coolman Amlong, and Jennifer Daley of The Amlong Firm, Fort Lauderdale, for appellant.

Sean Fahey, Office of General Counsel, The School Board of Palm Beach County, Florida, West Palm Beach, for appellee.

WARNER, J.

Appellant challenges the trial court's final summary judgment on her complaint against the Palm Beach County School Board on counts of employment discrimination, racial harassment based on a hostile work environment, and retaliation for reporting racial discrimination. We affirm.

As to the claim of employment discrimination, appellant failed to meet the *McDonnell Douglas*[1] test for a prima facie case of discrimination. *See Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1220–21 (11th Cir. 2019) (holding that to meet the *McDonnell Douglas* test for a prima facie case of employment discrimination, comparators must be substantially similar in material respects). Appellant has also failed to provide a convincing mosaic of circumstances to prove substantive discrimination; her evidence is based upon speculation, and the mere fact that an employee outside her protected class replaced her "is not enough to carry the day on the

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

substantive question of discrimination." *Ossmann v. Meredith Corp.*, 82 F.4th 1007, 1019 (11th Cir. 2023).

As to appellant's harassment claim, she failed to provide any evidence that the alleged hostile work environment was based upon race. *See Jones v. UPS Ground Freight*, 683 F.3d 1283, 1297 (11th Cir. 2012) ("It is a 'bedrock principle that not all objectionable conduct or language amounts to discrimination under Title VII.' *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 809 (11th Cir. 2010) (en banc). Therefore, only conduct that is 'based on' a protected category, such as race, may be considered in a hostile work environment analysis."). As the trial court found, all of the incidents which appellant considered harassment were related to issues with her job performance.

Finally, appellant's retaliation claim fails because she did not show that her protected activity was the "but-for" cause of the adverse employment action, rather than just a motivating factor. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013) ("Title VII retaliation claims must be proved according to traditional principles of but-for causation, not the lessened causation test stated in § 2000e–2(m). This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."). The evidence is undisputed that her supervisor was contemplating terminating her prior to her protected activity. *See Drago v. Jenne*, 453 F.3d 1301, 1308 (11th Cir. 2006) ("[I]n a retaliation case, when an employer contemplates an adverse employment action before an employee engages in protected activity, temporal proximity between the protected activity and the subsequent adverse employment action does not suffice to show causation.").

*Affirmed.*

CONNER and ARTAU, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**